UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE FITZGERALD BLACK,<br><br>            Plaintiff,<br><br>      v.<br><br>COLUMBIA DISTRIBUTING OF SEATTLE, LLC d/b/a YOUNG'S COLUMBIA, an Oregon corporation,<br><br>            Defendant. | CASE NO. C04-1871RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on plaintiff's motion for reconsideration of the March 21, 2005 Order. The Court deems a response to this motion by defendant unnecessary.

Plaintiff contends that the Court erred in stating that she conceded her jury trial argument by failing to renew it in the supplemental briefing, because that briefing was meant only to supplement, not supplant, the original briefing. While plaintiff's understanding of the meaning of "supplement" is correct, she fails to recognize the full reach of that meaning. The Court's order directing supplemental briefing on two relevant Washington Supreme Court decisions stated that "[t]he parties **shall** address the applicability of the rulings therein to the issues before this Court. . ." In the Order issued after review of the supplemental briefing, the Court stated

> In her original opposition to the motion to compel arbitration, plaintiff asserted that the loss of right to a jury trial without a knowing and voluntary waiver of that right is a

ORDER ON PENDING MOTIONS - 1

substantial component of substantive unconscionability. The Adler[1] court foreclosed this argument, noting that "by knowing and voluntarily agreeing to arbitration, a party implicitly waives his right to a jury trial by agreeing to an alternate forum, arbitration." Thus, a claim that the waiver of right to a jury trial was not knowing and voluntary is inextricably related to a finding of procedural inconscionability [sic].

Dkt. # 20 (citations omitted). As the quoted language in Adler was directly applicable to plaintiff's substantive unconscionability claim, it was incumbent upon her to address it in the supplemental briefing, to distinguish her situation. In failing to do so, she bore the risk that the Court would find no procedural unconscionability, and her substantive unconscionability claim based on waiver of a jury trial would be thereby foreclosed by Adler..

Plaintiff's motion for reconsideration is accordingly DENIED.

DATED this ___15___ day of April, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Adler v. Fred Lind Manor, et al., 103 P.3d 773 (2005).

ORDER ON PENDING MOTIONS - 1